IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | Criminal Case 04-98 |
| RUSSELL D. BERSCHT, : | |
| Defendant. : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT ONE OF SUPERSEDING INDICTMENT AS DUPLICITOUS

NOW COMES the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Jeffrey A. Neiman, Trial Attorney, United States Department of Justice, Criminal Division, and hereby files its response opposing defendant Berscht's Motion to Dismiss Count One of Superseding Indictment as Duplicitous. Count One charges one crime: a multiple object conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 371, and therefore is not duplicitous. Defendant's motion should be denied.

### BACKGROUND

On July 17, 2006, the Grand Jury returned a three count Superseding Indictment against defendants Russell Berscht and Peter Clironomos. Count One of the Superseding Indictment charged both defendants with conspiring to commit wire fraud and bank fraud. Specifically, Count One of the Superseding Indictment alleges overt acts associated with the stealing, altering, depositing, and sharing of the proceeds of four company checks, Dolgencorp, Western Allied, Enron, and Compaq. Counts Two and Three charged each defendant with bank fraud and wire

fraud as it relates to the stolen and altered Enron check. On August 30, 2006, upon motion by the government, this Court dismissed the Superseding Indictment against defendant Clironomos, who died earlier in the month.

## MEMORANDUM OF LAW

Duplicity is the improper joining of distinct and separate offenses in a single count. United States v. Starks, 515 F.2d 112, 116 (3rd Cir. 1975). A single conspiracy having as its object the commission of numerous offenses, however, is a single crime. "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse it objects." Braverman v. United States, 317 U.S. 49, 54 (1942).

In Count One, the Grand Jury alleges that defendant committed one crime: conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 371. A conspiracy count may allege a purpose to commit multiple substantive offenses, and it is not duplicitous if it does so. United States v. Knox Coal Company, 347 F.3d 33, 39 (3d Cir. 1965). As alleged in the manner and means section, the defendant along with his co-conspirators, achieved their objective by stealing checks and altering the name of the payee on the check to the name of an entity controlled by a co-conspirator, depositing the stolen and altered check into accounts under their control, and sharing the proceeds of the stolen and altered checks by wiring money to other accounts they controlled. The overt acts allege with specificity some of the acts that Berscht and his co-conspirators undertook in furtherance of their agreement to commit bank and wire fraud.

The defendant alleges that Count One is duplicitous because Count One charges multiple conspiracies. Defendant Berscht mistakenly argues that since he was only involved in two of the four stolen and altered company checks referenced in the Superseding Indictment, Count One

must charge two separate conspiracies. This argument is incorrect.

The question of whether a single conspiracy or multiple conspiracies existed is a fact question to be decided by the jury. United States v. Stoneman, 789 F.2d 196, 200 (3d Cir. 1986). To determine whether series of events constitute a single conspiracy or separate, unrelated conspiracies, a three-step inquiry is required: (1) determining whether there was a common goal among conspirators; (2) examining the nature of the scheme and determining whether agreement sought to bring about a continuous result which could not be sustained without continued cooperation of conspirators; and (3) examining the extent to which participants overlapped in various dealings. United States v. Kelly, 892 F.2d 255, 259 (3d Cir. 1989); United States v. Russell, 134 F.3d 171, 182 (3d Cir. 1998). Furthermore, co-conspirators do not have to know all of the details, goals or even the identity of other co-conspirators, to support the finding of a single conspiracy. Russell, 134 F.3d at 183. A single conspiracy is not transformed into a series of unrelated, multiple conspiracies merely through a change in membership. Kelly, 892 F.2d at 259.

On its face, Count One alleges one crime: conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 371. The indictment alleges a common goal: sharing in the proceeds of stolen and altered checks. Applying the second factor, it is clear that the success of the scheme depended on the continuous stealing, altering, and depositing of checks. The activities of defendant Berscht, including depositing two stolen and altered checks into accounts he controlled and then disbursing the proceeds among other members of the conspiracy, was necessary to the success of the overall venture.

Finally, there is substantial overlap of participants in the various dealings. Co-conspirators Clironomos and Hurst were involved in the stealing, altering, depositing and sharing

of all four checks referenced in the Superseding Indictment. Even if defendant Berscht was unaware of the stealing, altering, and sharing of proceeds of the other two checks referenced in the Superseding Indictment, this Court should still find that a single conspiracy existed because defendant Berscht's actions were taken in furtherance of the overall objective of the conspiracy. See Kelly, 892 F.2d at 255. Applying the factors, Count One charges a single crime, that of conspiracy, and it is therefore not duplicitous.

In his motion, Defendant Berscht focuses on the dangers of duplicity and not whether Count One is actually duplicitous. The dangers cited by the defendant are only to be examined in determining whether an indictment which has already been determined to be duplicitous is unfair and are not the factors to be used to determine whether an indictment is duplicitous. United States v. Buchmeier, 255 F.2d 415, 425 (7th Cir. 2001). If this Court were to conclude that Count One is duplicitous, the count should not be dismissed because the theory of prosecution is clear to provide adequate notice of the charges against defendant Berscht and to preclude any potential for double jeopardy. Any other danger cited by the defendant could be overcome with proper jury instructions and, if necessary, a special verdict form. The defendant has suffered no prejudice as a result of the manner in which Count One was charged.

-5-

    Wherefore, for the foregoing reasons, the United States respectfully requests that the Court deny defendant's motion.

Respectfully submitted,

STEVEN A. TYRRELL
Acting Chief, Fraud Section

By: _/s/ Jeffrey A. Neiman_
Jeffrey A. Neiman
Trial Attorney, Fraud Section
United States Department of Justice

Dated: January 10, 2007

Of Counsel:

COLM. F. CONNOLLY
United States Attorney

-6-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Case 04-98 |
| RUSSELL D. BERSCHT, | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I, Jeffrey A. Neiman, a Trial Attorney with the U.S. Department of Justice, Fraud Section, do hereby certify that on thie 14th day of July, 2006, I caused to be electronically filed a **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT ONE OF SUPERSEDING INDICTMENT AS DUPLICITOUS** with the Clerk of Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF.

_____
Jeffrey A. Neiman
Trial Attorney